IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ERNEST CORNES,**
**No. C86146,**

       Petitioner,

vs.                                             Case No. 17–cv–1066-DRH

**JAMES R. THOMPSON,**
**PHILIP J. ROCK, and**
**WILLIAM A. REDMOND,**

       Respondents.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Petitioner Ernest Cornes, currently incarcerated at the Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.[1] Petitioner pled guilty in 1953 and 1954 to two charges of armed robbery and one charge of rape. *Cornes v. Thieret,* 912 F.2d 467 (7th Cir. 1990). After serving 20 years, Petitioner was released on parole. *Cornes v. Thieret,* 912 F.2d 467 (7th Cir. 1990); *Cornes v. DeTella,* 108 F.3d 1379 (1997). While on parole, Petitioner was charged with rape, deviate sexual assault, and intimidation. *Id.* Following a jury trial in the Circuit Court of Williamson County (Case No. 77-cf-190), Petitioner was convicted of rape, deviate sexual assault and intimidation and sentenced to concurrent terms of imprisonment. *People v. Cornes,* 80 Ill. App.

---

[1] Review of this Petition was delayed pending receipt of Petitioner's IFP Motion or filing fee. After two failed attempts, Petitioner submitted a proper IFP Motion on December 18, 2017. Petitioner was granted leave to proceed IFP on December 21, 2017.

1

3d 166 (Ill. App. Ct. 1980). Petitioner is presently serving a sentence of 60-to-life in connection with those charges. *See Cornes v. Thieret*, 912 F.2d 467 (7th Cir. 1990); *Cornes v. Thieret,* 972 F.2d 853 (7th Cir. 1992).

Although the Petition is difficult to understand, it is evident that Petitioner is challenging his Williamson County conviction.[2] Petitioner contends that his conviction is unconstitutional because the Illinois Class X Felony statute (enacted by P.A. 80-1099) was an unconstitutional legislative act, corrupted by fraud and bribery.

The Court, however, will not delve any further into Plaintiff's allegations. The current Petition is Petitioner's third § 2254 Petition pertaining to this conviction. In 1985, Petitioner filed a § 2254 petition in the Southern District of Illinois raising several constitutional challenges, including an equal protection claim. *Cornes v. Thieret,* No. 85-cv-3181-GBC. The petition was dismissed and, on appeal, the Seventh Circuit affirmed the dismissal of all of the constitutional challenges. *See Cornes v. Thieret*, 972 F.2d 853 (7th Cir. 1992). raising an equal protection claim. Petitioner filed a second § 2254 petition in the Central District of Illinois in 1994. *Cornes v. DeTella, et al.,* No. 94-cv-2306-HAB. The district court denied the petition for failure to raise a federal constitutional issue and the Seventh Circuit affirmed. *See Cornes v. DeTella,* 108 F.3d 1379 (7th Cir. 1997).

Accordingly, the instant petition is a "second or successive habeas corpus application under section 2254." 28 U.S.C. § 2244(b); *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir.2006); *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir.

---

[2] Doc. 4, p. 15 is a copy of Petitioner's state court appeal.

2002). In order to file such an application, Petitioner must first seek and obtain permission to do so from the federal court of appeals. *Id*. Because Petitioner has not obtained this authorization, the Petition must be dismissed.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a COA to issue.

Here, it is clear that this Court is without jurisdiction to entertain the Petition because it is a second or successive petition filed without the authorization of the Court of Appeals. No reasonable jurist would find the issue debatable. Accordingly, the Court denies a certificate of appealability.

**DISPOSITION**

**IT IS HEREBY ORDERED**, for the reasons above, the Petition is **DISMISSED** without prejudice for lack of jurisdiction. Dismissal is without prejudice to bringing a properly authorized successive petition. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.11
06:03:46 -06'00'

**United States District Judge**